**UNITED STATES**

v.

**Thomas P. CHRISTY, 439 76 5569, Gunnery Sergeant (E-7), U.S. Marine Corps.**

**NMCM 83 4586.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 20 April 1983.

Decided 27 June 1984.

CDR David C. Larson, JAGC, USN, Appellate Defense Counsel.

LT Ann D. Carroll, JAGC, USNR, Appellate Defense Counsel.

LT R.G. Sosnowski, JAGC, USNR, Appellate Government Counsel.

Before GREGORY, Senior Judge, and MITCHELL and BARR, JJ.

MITCHELL, Judge.

Gunnery Sergeant Christy pled guilty to a number of specifications alleging larceny of United States Government money by wrongfully using a Government credit card to purchase gasoline for his personal use in his personally owned/operated vehicle. He now challenges the providence of his pleas to twenty-one of those specifications, claiming that no intent to permanently deprive the Government of the money was established by the admitted facts.

The appellant was issued a Government credit card for the purpose of purchasing gasoline for Government vehicles used in connection with official business related to the Marine Corps Reserve unit to which he was assigned. He was precluded from using the credit card for personal purchases, nor could he use it to buy gasoline for his personal vehicle unless the vehicle was to be used for official Government business and he had obtained written authorization from his commanding officer.

In June of 1981, Gunnery Sergeant Christy decided to drive his personal vehicle from California to Mississippi to pick up his ex-wife and drive her back to California. Although he claimed to have set aside money to fund the trip, the appellant decided to use that money as a reserve for emergencies and to purchase his gasoline with the Government credit card. The appellant said that upon his return he intended to intercept the credit card bills as they came into his unit and pay the charges with the money he held in reserve for emergencies. He said that when the first bills came in, he couldn't pay them because his ex-wife had taken the money out of his wallet without his knowledge. He then decided that he would never pay the bills and has not done so. The United States Government paid the charges. His prosecution, pleas and conviction ultimately resulted.

The appellant in his initial assignment of error claimed that, since his intent at the time of each pertinent offense was to pay the charges, the requisite state of mind for the offense of larceny was not factually established. This Court then ordered additional pleadings addressing the matters of what type of larceny was involved in the case, the specification of the *res* of the offenses, the identity of the victim of the alleged larcenies, the point at which each alleged larceny occurred and whether pleadings and providence supported any offense cognizable under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. Following oral argument, additional pleadings addressing the handling of credit card offenses in State jurisdictions were ordered by this Court. The appellant persists in his claim that the facts of record do not sustain larceny in respect to the challenged specifications.

The specifications at issue are set forth in the following form, with appropriate detail charges:

> In that ... did, at Douglas Fleming Chevron, 2205 West Broadway, Needles, California, on or about 17 June 1981, steal money of a value of about $19.00, the property of the U.S. Government, by wrongfully using a government credit card to purchase gasoline for use in his private vehicle.

Not unlike the law of many state jurisdictions, Article 121, UCMJ, 10 U.S.C. § 921, proscribes larceny in its various forms, incorporating false pretense and embezzlement. The UCMJ eliminates their technical distinctions and provides for a simplified pleading form to cover the different theories of theft. *Hearings on H.R.*

*2498 Before A House Subcommittee of the Committee on the Armed Service,* 81st Cong. 1st Sess. 815, 1232 (1949) (House Hearings); *United States v. Buck,* 3 U.S.C. M.A. 341, 12 C.M.R. 97 (1953). The combination of these offenses into a single statute did not create any offense under the statute not previously recognized as larceny, false pretense or embezzlement. *United States v. Buck, supra,* at 99. *See also, United States v. Herndon,* 15 U.S.C.M.A. 510, 36 C.M.R. 8 (1965). Since the advent of the ubiquitous credit card, especially the three party species, with the vast potential for its unlawful use, the viability of the consolidated larceny statute with its common law concepts has been strained. Many state jurisdictions have enacted specific statutes to cover credit card misuse in order to avoid the potential difficulties in determining whether a given transaction is a classic larceny, false pretense or embezzlement.[1] Neither the UCMJ nor the *Manual for Courts-Martial, 1969 (Rev.)* (MCM) specifically deals with credit card misuse, so the vitality of the appellant's conviction depends upon Article 121, UCMJ, or the recognition of a credit card offense under Article 134, UCMJ. Any one of several theories sustain the appellant's guilt of larceny.

The appellant was in authorized possession of the government credit card, but in using his agency to obtain gasoline from a number of gas stations for his personal use, he used the card for unauthorized purposes. He, nonetheless, obtained the gasoline on behalf of the United States Government, which in fact paid for the gasoline. The possessory interest in the United States thus created was superior to that of the appellant. *See, United States v. Ragins,* 11 M.J. 42, 47 (C.M.A.1981); *see also, United States v. Leslie,* 13 M.J. 170 (C.M.A.1982); *United States v. Jett,* 14 M.J. 941 (A.C.M.R.1982). When the appellant then consumed the gasoline for his personal benefit, larceny of the purchased gasoline was complete. In these circumstances, it matters little whether the appellant's conduct is viewed as a wrongful taking or an embezzlement; it is larceny. The fact that he intended to pay to the Government the cash equivalent of the gasoline does not reduce the offense from larceny to wrongful appropriation. Paragraph 200*a* (6), MCM. Considering the specification language, we view the resulting variance to be immaterial.

The facts of this case also support larceny from the various service stations. The appellant obtained gasoline via the Government credit card with which he falsely represented his authority to financially obligate the Government. Without payment, the service station operators would surely not have transferred gasoline to the appellant. It is of no moment that the various retailers did not suffer an actual pecuniary loss. *United States v. Rubenstein,* 7 U.S. C.M.A. 523, 22 C.M.R. 313 (1957); *United*

---

**1.** Ala. Code tit. 13A, § 13A–9–14 (1975 & Supp. 1977); Alaska Stat. § 11:46:285 (1976); Ariz. Rev.Stat.Ann. § 13–2105 (1977); Ark.Stat.Ann. § 41–2308 (1977); Cal.Penal Code §§ 484d–484h (West 1969); Colo.Rev.Stat. § 18–5–201 to–204 (1978); Conn.Gen.Stat. § 53a–128a to–128h (1977), Del.Code Ann. tit. 11, § 903 (1974); Fla. Stat.Ann. § 817.481 (Harrison 1981); Ga.Code Ann. § 16–9–33 (1982); Haw.Rev.Stat. § 851–1 (1976); Idaho Code § 18–3113 (1979); Ind.Code Ann. § 35–43–5–4 (Burns 1979); Iowa Code Ann. § 715(1) (1977); Ky.Rev.Stat. § 434.650 (1975); La.Rev.Stat.Ann. § 14:67.3 (West 1974 and Supp.1983); Me.Rev.Stat.Ann. tit. 17A § 905 (Supp.1981); Md.Ann.Code Art. 27 § 145 (Supp. 1983); Mass.Gen.Laws Ann. Ch 266 § 37A (West 1970 and Supp.1982); Mich.Comp.Laws § 750.-157n–750.157s (1970); Minn.Stat.Ann. § 609.52 (West 1982); Miss.Code Ann. § 97–19–31 (1972); Mont.Codes Ann. § 45–6–317 (1983); Nev.Rev. Stat. § 205.750 (1971 Supp.1983); N.H.Rev.Stat. Ann. § 638:5 (Supp.1983); N.J.Stat.Ann. § 2A:111–40 (West 1968); N.M.Stat.Ann. § 30–16–33 (1978); N.Y.Penal Law § 165.15 (McKinney 1975); N.C.Gen.Stat. § 14–113.13 (1981); Ohio Rev.Code Ann. § 2913.21 (Page 1982); Okla.Stat.Ann. tit. 21, §§ 1550.21–1550.23 (West 1983); Or.Rev.Stat. § 165.055 (1981); 18 Pa. Cons.Stat.Ann. § 4106 (Purdon 1983); R.I.Gen. Laws § 11–49–5 (1981); S.C.Code § 16–14–60 (Supp.1983); S.D.Compiled Laws Ann. § 22–30A-8.1 (1979); Tenn.Code Ann. § 39–3–502 to –505 (1982); Tex.Penal Code Ann. tit. 32 § 32.31 (Vernon 1974); Utah Code Ann. § 26–6506 (Supp.1983); Vt.Stat.Ann. tit. 9 § 4043 (1970); Va.Code § 18.2–195 (1982); W.Va.Code § 61–3–24a (1977); Wis.Stat.Ann. § 943.43 (West 1982); Wyo.Stat. § 6–3–802 (1983).

*States v. Turiano,* 13 C.M.R. 753 (A.F.B.R. 1953).

Whether the payments made by the United States to the various oil companies provide the basis for a larceny of those monies by the appellant is more problematic than the other theories. In the circumstances of the instant case, the appellant used a wrongful means—unauthorized use of a credit card—to obtain gasoline by which he compelled the United States to part with the possession of its money to pay oil companies. The fact that the money went to the oil companies to reimburse them for gasoline purchased by the appellant would not seem to preclude treating this conduct as larceny from the Government when the contemplated payments were made after the appellant put the unauthorized credit card invoices into the commercial collection system. False pretenses used by the appellant to induce another to transfer property to a third party would seem to nicely fit into UCMJ, Article 121. *See, United States v. Ragins, supra* at 46. Under this theory, the matter of intent is resolved by the subsequent ripening of the appellant's initial intention to repay the Government into his later determination never to repay the money to the Government. Paragraph 200*a*(6), MCM; *United States v. Bilbo,* 9 M.J. 800 (N.C.M.R.1980).

Perhaps it would be advisable as a practical matter to enact a credit card misuse statute for the UCMJ. We do not find that possibility to be a predicate to the vitality of the appellant's guilty pleas, however, given the Congressional intention to eliminate the technical distinctions between the various forms of larceny. Page 1232, House Hearings. Nor do we perceive any controlling precedent or Congressional intention to so strictly construe UCMJ, Article 121, that advances in paper and electronic commercial transaction procedures could not be accommodated within its aegis.

In any event, the record of trial clearly establishes that during providence inquiry a clear case of larceny was revealed from the lips of the appellant. In these circumstances, we hold that an adequate factual basis for the guilty pleas of the appellant was established and that his pleas were provident in fact and law. *United States v. Ragins, supra, Cf., United States v. Scardina,* 18 M.J. 571 (N.M.C.M.R.1984). In view of the result, there is no need to decide whether some form of credit card offense more significant than that recognized in *United States v. Reid,* 18 C.M.R. 341 (A.B.R.1954), is recognizable under Article 134, UCMJ.

In view of the foregoing, the findings and sentence as approved on review below are affirmed.

Senior Judge GREGORY and Judge BARR concur.