UNITED STATES

v.

James A. LEY, 396 68 7050, Mess Management Specialist Seaman (E-3), U.S. Naval Reserve.

NMCM 85 1526.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 6 Nov. 1984.

Decided 28 June 1985.

MAJ Michael E. Canode, USMC, Appellate Defense Counsel.

LT Gary K. Van Meter, JAGC, USNR, Appellate Defense Counsel.

CAPT David B. Stratton, USMC, Appellate Government Counsel.

Before GREGORY, Senior Judge, and MITCHELL and BARR, JJ.

MITCHELL, Judge:

The appellant was convicted at a special court-martial bench trial of two unauthorized absence offenses totalling about 17 months and received a bad conduct discharge and accessory punishments. He now complains that he was prejudiced at trial because his detailed defense counsel was the administrative subordinate of the trial counsel, creating a conflict of interest exemplified by the authority of the trial counsel to remove the detailed defense counsel from the case if the appellant requested an individual military counsel and the presumed effect this had on appellant's choice of counsel. The military judge, though clearly on notice of the administrative relationship, conducted no inquiry into a potential conflict of interest. The appellant's clemency petition could be read to suggest that detailed defense counsel did not follow the appellant's instructions to seek a pretrial agreement for a bad conduct discharge but, instead, argued for a bad conduct discharge at trial.

■ The practice of having the administrative superior of the trial defense counsel also serve as trial counsel has been condemned in *United States v. Nicholson*, 15 M.J. 436 (C.M.A.1983); *United States v. Gaulon*, No. 85 1323 (NMCMR) 19 June 1985) (unpublished). *See also United States v. Davis*, 20 M.J. 61 (C.M.A.1985) [Article 32 investigating officer also supervisor of defense counsel]; *United States v. Hubbard*, 20 U.S.C.M.A. 482, 43 C.M.R. 322 (1971) [deputy SJA serving as assistant trial counsel]. The condemnation is not mitigated by the fact that the Navy Legal Services Office detachment in question may be served in peace time by only two judge advocates, though left open is the question of whether the condemnation applies with equal force in time of armed conflict and/or in an area where armed conflict is occurring. The error must be assessed for prejudice. Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a); *United States v. Nicholson, supra; United States v. Hubbard, supra.* The assessment for prejudice requires evaluation of the relevant factors bearing on potential prejudice. *See United States v. Skaar*, 20 M.J. 836 (NMCMR 1985) (*en banc*).

■ The rule pertinently involved in this case is that, absent his knowing consent, an accused must be represented by a defense counsel who is free of conflict of interest. *United States v. Nicholson, supra.* The policy underlying this rule is that accused be assigned a defense counsel who has unswerving loyalty free of any external influence which might weigh against that loyalty. The policy is a strong one. *United States v. Nicholson, supra.* The occurrence of the error in this case was at the

pretrial and trial stages of the case and it exposed the appellant to the possibility that he might be wrongfully convicted or more harshly sentenced because of the apparent conflict of interest.

 The actual harm asserted by the appellant is that his choice of counsel could have been affected by the existence of the apparent conflict of interest. He does not assert that such was, in fact, the case. There is the suggestion, in the comparison of the clemency petition (seeking a suspended discharge) and trial defense counsel's argument on the quantum of punishment (asking for a discharge), that trial defense counsel may not have acted with zealous and unswerving loyalty to the appellant.

The record of trial reveals that appellant was fully advised of his counsel rights and personally expressed his satisfaction with trial defense counsel. He did not request individual military counsel, so the occasion for the existence of an actual conflict of interest did not arise. Moreover, the likelihood that the authority, not to keep detailed defense counsel on the case if individual military counsel was assigned, had any significant bearing on the appellant's choice of counsel is, realistically, remote. The appellant does not claim that he ever intended to select individual military counsel but was deterred from so doing because of his fear that he would lose the services of detailed defense counsel or that he even seriously considered the option of such counsel and was swayed away from the option by the advice of detailed defense counsel. While there is a difference in attitude between the clemency petition and the trial defense counsel's sentence argument, the fact that appellant's enlistment would not have expired until at least the Fall of 1985 and the assertion in his written statement, submitted to the trial court on 4 November 1984, that he had made job and quarters arrangements in anticipation of his discharge and needed to be on the scene by December 1984, lend credence to trial defense counsel's unchallenged claim at trial that the appellant authorized counsel to strike for a discharge. While appellant may well have been advised that a discharge was likely, in the light of the protracted length of one of the offenses, the appellant asserts no claim that he was pressured into seeking a discharge, that he did not, in fact, authorize counsel to ask for a discharge at trial or that he, in fact, did not want to plead for a discharge at trial. In fact, the record is consistent to the extent that it shows that the appellant, in anticipation of a discharge, sought to keep confinement to a minimum so he could get to his civilian job and quarters and, when the gambit failed, he sought restoration to his Navy job. We find no evidence that the superior-subordinate relationship had any impact in respect to the quality of appellant's defense.

The trial and detailed defense counsel were contemporary lieutenants. The trial counsel neither wrote, nor had the slightest input to, defense counsel's fitness report. He did nothing to affect defense counsel's performance in this case. The appellant entered pleas of guilty to two simple unauthorized absence offenses, made an unsworn statement evidencing an intention to get on with the rest of his life, submitted a written unsworn statement and presented a performance evaluation. In the circumstances of this case, we find no risk of prejudice to the appellant emanating from the administrative relationship between trial and defense counsel. *United States v. Gaulon, supra.*[1]

In view of the foregoing, the findings and sentence, as approved on review below, are affirmed. We specifically find that the unsuspended bad conduct discharge is appropriate in this case.

Senior Judge GREGORY and Judge BARR concur.

1. The *Hubbard* case was decided in 1971 and the *Nicholson* case in 1983. Military Judges should be attentive to potential conflicts of interest so they may be appropriately resolved on the record. The decision in this case cannot be read to approve a procedure whereby no inquiry is necessary in situations such as this.