**UNITED STATES**

v.

**Stacey E. MERVINE, 225 11 6685 Cryptologic Technician (Communications) Seaman (E–3), U.S. Navy.**

**NMCM 86 0373.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 4 Sept., 1985.

Decided 28 Nov. 1986.

802

LCDR James J. Quigley, JAGC, USN, Appellate Defense Counsel.

LT Gary K. Van Meter, JAGC, USNR, Appellate Defense Counsel.

Capt H.C. Lassiter, USMCR, Appellate Government Counsel.

Before COUGHLIN, Senior Judge, and MIELCZARSKI and DECARLO, JJ.

DECARLO, Judge:

Appellant pled guilty at a special court-martial (military judge alone) to attempted larceny, dishonorable failure to pay a debt, and seven specifications of failure to go to his appointed place of duty in violation of Articles 80, 134, and 86 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 934, 886. He was sentenced to confinement at hard labor for two months, forfeiture of $413.00 pay per month for two months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

While stationed at Naval Security Group Activity, Naples, Italy, appellant purchased, on credit, video and television equipment from the Navy Exchange. Appellant incurred a debt of approximately $900.00. Subsequent to making the purchases, appellant was transferred to Diego Garcia and left the Naples area with his account at the Exchange in default in the full amount of the debt. After receiving numerous notices and demands for payment, appellant devised a scheme to fraudulently extinguish his debt by sending to the Exchange an altered receipt indicating that appellant had paid his account in full. The Exchange discovered that the receipt was false and the appellant was subsequently apprehended by agents of the Naval Investigative Service (NIS).

Appellant raises the following five assignments of error on appeal before this Court:

#### I.

THE PROVIDENCE INQUIRY TO CHARGE I AND ITS SPECIFICATION DOES NOT ESTABLISH THE OFFENSE OF ATTEMPTED LARCENY OF $952.42 FROM THE NAVY EXCHANGE, NAPLES, ITALY.

#### II.

THE PLEAS OF GUILTY TO CHARGE I AND ITS SPECIFICATION (ATTEMPTED LARCENY) WERE IMPROVIDENT SINCE THE MILITARY JUDGE DID NOT EXPLAIN THE ELEMENTS OF THE OBJECT LARCENY OFFENSE OR CONDUCT AN INQUIRY INTO ALL THE ELEMENTS OF THE OBJECT OFFENSE.

### III.

UNDER THE CIRCUMSTANCES OF THIS CASE ADDITIONAL CHARGE I AND THE SEVEN SPECIFICATIONS THEREUNDER FAIL TO STATE OFFENSES SINCE IT IS NOT ALLEGED IN THE SPECIFICATIONS THAT APPELLANT'S ABSENCES WERE WITHOUT AUTHORITY.

### IV.

ERROR TO THE SUBSTANTIAL PREJUDICE OF APPELLANT OCCURRED WHEN THE TRIAL COUNSEL WAS THE OFFICER–IN–CHARGE OF THE NAVAL LEGAL SERVICE OFFICE DETACHMENT TO WHICH THE DEFENSE COUNSEL WAS ASSIGNED AND DETAILED THE DEFENSE COUNSEL TO APPELLANT'S CASE.

### V.

CHARGE I AND ITS SPECIFICATION (ATTEMPT TO STEAL $952.42 FROM THE NAVY EXCHANGE, NAPLES, ITALY) IS MULTIPLICIOUS FOR FINDINGS PURPOSES WITH CHARGE III AND ITS SPECIFICATION (DISHONORABLE FAILURE TO PAY A DEBT TO THE NAVY EXCHANGE, NAPLES, ITALY). BOTH OFFENSES WERE BASED UPON A SINGLE TRANSACTION BY APPELLANT IN SUBMITTING A FALSE RECEIPT TO THE NAVY EXCHANGE IN ORDER TO ESCAPE PAYMENT ON A DEBT WHICH WAS THE DEBT DISHONORED. RECORD AT 22 AND 26. *UNITED STATES V. BAKER*, 14 M.J. 361 (C.M.A. 1983); DISCUSSION, R.C.M. 307(c)(4) and 907(b)(3).

We discuss the assignments *seriatim*.

### I.

Appellant was charged with and pled guilty to the attempted larceny of $952.42 from the Navy Exchange. He now asserts the improvidence of his guilty plea to the Charge. His premise is that his responses to the military judge's inquiries did not establish the charged offense. More specifically, he argues that his plan, if carried through to fruition, would not have amounted to a wrongful taking, obtaining, or witholding of $952.42 and thus would not amount to an act cognizable under common law or Article 121, UCMJ, 10 U.S.C. § 921. He grounds his argument in the plain statutory language of the punitive Article and cites as support decisions of both this Court and the Court of Military Appeals holding that acts not falling within the traditional realm of common law larceny, embezzlement or false pretenses are not punishable under Article 121, UCMJ. *See United States v. Aldridge*, 2 U.S.C.M.A. 330, 8 C.M.R. 130 (1953); *United States v. Norris*, 2 U.S.C.M.A. 236, 8 C.M.R. 36 (1953); *United States v. Buck*, 3 U.S.C.M.A. 341, 12 C.M.R. 97 (1953); *United States v. Christy*, 18 M.J. 688 (N.M.C.M.R.1984); *United States v. Castillo*, 18 M.J. 590 (N.M.C.M.R.1984).

In response, Government counsel argues that appellant's actions constituted a completed larceny of the funds in question and that he received an "untoward benefit" by being charged only with attempted larceny of the funds in question. This argument, however, is inapposite to the issue at hand, which involves whether an attempt to fraudulently extinguish a valid debt constitutes an attempted larceny of the amount of the debt. We hold that it does and reject appellant's assignment of error.

Article 121 proscribes larceny in its various forms, and was enacted to provide a simplified form of pleading to cover differing theories of theft. *United States v. Christy, supra*, at 689 (quoting *Hearings on H.R. 2498 Before A House Sub Committee of the Committee on the Armed Services*, 81st Cong. 1st Sess. 815, 1232 (1949)); *United States v. Castillo*, 18 M.J. 590 (N.M.C.M.R.1984). The Article itself provides that:

> any person subject to this chapter who wrongfully takes, obtains, or withholds, by any means from the possession of the owner or of any other person any money, personal property, or article of value of

any kind—with intent permanently to deprive or defraud another person of the use and benefit of property or to appropriate it to his own use or the use of any person other than the owner, steals that property and is guilty of larceny.

▮ Appellant's actions clearly fall within the scope of the statute. Appellant's scheme, if successful, would have resulted in the wrongful obtaining by false pretenses of $952.42 belonging to the Navy Exchange in the form of an account receivable.[1] By presenting an altered receipt indicating that appellant had previously paid his account in full, appellant hoped to induce the Navy Exchange to debit its receivable accounts ledger and credit his deferred payment account. The amount owed to the Exchange by appellant would have been extinguished, thereby permanently depriving the Exchange of the use and benefit of the $952.42. While it is true that appellant would not physically receive any money, Article 121 imposes no such obligation as a predicate for a viable charge of larceny. "Thus, if an accused ... had the funds of another transferred into the accused's bank account, the accused is guilty of larceny...." Manual for Courts-Martial, United States, 1984 (MCM), Part IV, paragraph 46c(1)(b). We see no practical difference between the example described above and the facts in this case. In the example above, cash would have been transferred (by means of an accounting entry) out of one person's account and into another's. Here, appellant was attempting to induce the Exchange to transfer $952.42 out of its accounts receivable account and into appellant's credit account. We find that the shifting of the funds from one account to another is a sufficient exercise of dominion over the funds within the meaning of larceny under Article 121. MCM, United States, Part IV, para. 46c(1)(b). *See United States v. Henderson,* 9 M.J. 845 (A.C.M.R.1980); *see*

*also Rainwater v. United States,* 443 F.2d 339 (5th Cir.1971). The fact that appellant would never receive the actual money is irrelevant for it is obvious that the transfer would have inured to his benefit. *See United States v. Ragins,* 11 M.J. 42 (C.M. A.1981); *see also Christy, supra.* Accordingly, we find that appellant's acts, if carried out as planned, would have constituted a completed larceny of $952.42. This assignment of error is without merit.

## II.

▮ Appellant further claims that his guilty plea to attempted larceny was improvidently made in that the military judge failed to adequately explain to him the elements of the object larceny offense. To support his contention, appellant cites to *United States v. Pretlow,* 13 M.J. 85 (C.M. A.1982) wherein the Court of Military Appeals held that a plea of guilty to a charge of conspiracy to commit robbery was improvident because the military judge did not explain any of the elements of *robbery* or in any way make clear what those elements were. This case, however, is distinguishable from *Pretlow.*

In this case, the military judge did not separately treat the substantive and object offense involved in the attempted larceny charge. He did, however, explain what the elements of larceny were by questioning the appellant about the circumstances of the case and obtaining from him a complete factual recitation of the events that transpired during his attempt to extinguish his debt to the Exchange. Appellant acknowledged that he understood the elements of the attempted larceny offense. During his responses to the military judge's questions, appellant indicated that he knew the receipt that he mailed was a false document. He testified that by mailing the falsified receipt, he intended to be permanently relieved of paying the bill by making it ap-

---

**1.** Had the appellant been charged with withholding the goods, the result manifestly would have been different. A withholding type of larceny is not created by the failure to pay an amount owed because the relationship between

a debtor and a creditor does not give the creditor a possessory right in any specific property of the debtor. *See* Manual for Courts-Martial, United States, 1984, Part IV, paragraph 46c(1)(b).

pear that he had paid the entire amount of the debt. He further indicated on no less than three occasions that his efforts were an attempt to steal the amount of the debt and that they were completely without authority.

While the military judge did not specifically narrate the elements of larceny to the accused, his questioning during the providence inquiry adequately set out the essential components of the object offense. Appellant's responses clearly set forth that he wrongfully attempted to obtain the amount of the debt, that the debt was owed to the Navy Exchange, and that he intended to permanently deprive the Exchange of the amount of the debt. We are convinced from our reading of the record that appellant fully understood the elements of larceny and that the requirements of *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969) and Article 45, UCMJ were satisfied. *See also United States v. Crouch*, 11 M.J. 128 (C.M.A.1981) and *United States v. Peterkin*, 14 M.J. 660 (A.C.M.R.1982). Accordingly, appellant's plea to attempted larceny was provident and this assignment of error is without merit.

### III.

■ We find that Additional Charge I and the specifications thereunder state cognizable offenses despite the absence in the Charge sheet of the words "without authority". *United States v. Watkins*, 21 M.J. 208 (C.M.A.1986).

### IV.

In his fourth assignment of error, appellant asks this Court to set aside his various convictions because he claims that the trial counsel in this case was the officer-in-charge of the detachment to which defense counsel was assigned and, in such capacity, detailed the defense counsel to represent the appellant. Attached as an appendix to appellate defense counsel's pleadings is a post-trial sworn statement made by a LT Loring, predecessor to the trial counsel, who stated that in her capacity as officer-

in-charge, she provided written input to the parent command concerning the performance of defense counsel assigned to the detachment, thus suggesting that trial counsel followed the same custom.

■ In situations where the defense counsel is the administrative subordinate to the trial counsel, both case law and ethical standards require that defense counsel disclose the potential for divided loyalties to his client. If the client consents after being fully informed of the facts, defense counsel's representation may continue notwithstanding the appearance of impropriety. *United States v. Nicholson*, 15 M.J. 436 (C.M.A.1983); MODEL RULES OF PROFESSIONAL CONDUCT Rule 1.7(b) (1983); ABA Comm. on Ethics and Professional Responsibility, Informal Op. 1474 (1982); MODEL CODE OF PROFESSIONAL RESPONSIBILITY DR 5–101 (1980). Both the conflict and the client's consent to be represented should be inquired into by the military judge as a matter of record. *Nicholson, supra; United States v. Ley*, 20 M.J. 814 (N.M.C.M.R.1985).

■ In the instant case, it cannot be discerned from the record of trial that appellant's defense counsel was, in fact, the administrative subordinate to the trial counsel. The only fact gleaned from the record is that both counsel were detailed to the case by the officer-in-charge of the detachment. The military judge, therefore, was not put on notice of the apparent conflict and his failure to conduct an inquiry does not constitute reversible error where no claim of prejudice is made by the appellant and no prejudice is found upon review of the record. Article 59(a), UCMJ, 10 U.S.C. § 859(a); *United States v. Remai*, 19 M.J. 229 (C.M.A.1985); *United States v. Ley, supra*.

■ Appellant nevertheless asks this Court to presume prejudice under the circumstances of this case. The circumstances, however, do not include a claim by appellant that his trial defense counsel failed to properly disclose to him the circumstances he now alleges as giving rise to a conflict of interest, or that, if disclosed,

he refused to proceed with that counsel.[2] Further, he does not claim that prompt disclosure would have affected his choice of counsel. *See Ley, supra.* In the absence of any such claims, we will presume that, if a conflict did exist because of defense counsel's subordinate relationship to the trial counsel, the defense counsel followed the law and carried out his ethical duties by disclosing the conflict to appellant and appellant consented to proceed with that counsel. *See generally United States v. Davis,* 20 M.J. 61, 65 (C.M.A. 1985). To do otherwise would be to sanction a veritable fishing expedition for prejudice and would ignore the fact that appellant and appellate counsel are in the unique position to claim both the existence of any improper relationship between trial and defense counsel in this case, *and* to explain whether any such conflict was resolved. They have not done so and we will not presume prejudice in the absence of such claims.

 Since the issue was not raised at trial and the record does not support appellant's allegation, we find no prejudice. Absent any claims to the contrary, we presume that any conflict of interest existing prior to trial was effectively dealt with by trial defense counsel in accordance with applicable legal and ethical standards. This assignment is without merit.

## V.

 Appellant last claims that the Charges of failure to pay a just debt and attempted larceny are multiplicious for both findings and sentencing purposes. We disagree.

The record reflects that appellant's first payment on his deferred payment plan came due on 31 January 1985 and that the entire amount of the obligation was owing on 6 April 1985. The appellant decided not to pay the debt. After receiving numerous notices and demands for payment, appellant devised the scheme which now forms the underlying basis for this appeal. The false receipt was mailed to the Exchange approximately two months after the total amount became due.

Appellant's dishonorable failure to pay the debt owed to the Exchange was complete at the moment the debt became due and appellant intended not to honor it. Appellant's subsequent mailing of the falsified receipt, while an outward manifestation of his intent not to pay, constitutes a separate and distinct offense under the Uniform Code of Military Justice. We also note that the military judge treated the two Charges as being multiplicious for sentencing. Appellant's assignment of error is without merit.

Accordingly, the findings and sentence as approved on review below are affirmed.

Judge MIELCZARSKI concurs.

COUGHLIN, Senior Judge (dissenting):

I concur with the majority's disposition of each assignment of error with the exception of assignment IV concerning defense counsel's conflict of interest. In my opinion we should not resolve the issue raised by the assignment without first ascertaining, by a *DuBay* hearing or otherwise, whether the appellant was informed of the superior-subordinate relationship between trial and defense counsel and consented to the latter's representation despite such relationship. See *United States v. Nicholson,* 15 M.J. 436 (C.M.A.1983); MODEL RULES OF PROFESSIONAL CONDUCT Rule 1.7(b) (1983); MODEL CODE OF PROFESSIONAL RESPONSIBILITY DR 5–101 (1980); ABA Comm. On Ethics and Professional Responsibility, Informal Op. 1471 (1982).[1] Should further inquiry fail to

---

2. He offers only the sworn statement of LT Loring which raises the specter that defense counsel in the past may have been laboring under a conflict of interest, but does not establish that such conflict existed in this case or, if it did exist, that appellant was harmed because he proceeded to trial without counsel disclosing the conflict to him.

1. With the promulgation of Change 5 to the *JAG Manual* on 20 May 1986 Navy judge advocates were advised to use as an ethical guide the applicable rules set forth in the ABA Model

demonstrate both disclosure and consent thereto, I would set aside the findings and sentence with authorization for a rehearing following appointment of untainted counsel for both the Government and the defense.

Like the majority, I cannot rule for an appellant who has not asserted he was uninformed about the trial-defense counsel relationship. The error, if any, lies in a lack of consent upon full disclosure, and not on the relationship *per se*. Nevertheless, the majority's presumption of such disclosure and consent is not supported in law or recorded fact.[2]

Should further consultation with the appellant prove the underlying presumption of the majority's decision factually inaccurate, it would appear appropriate for appellate defense counsel to seek timely reconsideration thereof.

Rules of Professional Conduct. The Informal Opinion and the *Nicholson* case, both *supra*, interpret the applicability to military lawyers of DR 5-101 of the Model Code. That Rule was in effect on the date appellant was tried but has since been superceded by Rule 1.7(b) of the Model Rules. Since the two Rules are substantially identical in meaning, both the Informal Opinion and its treatment by COMA in *Nicholson* have current validity for judge advocates.

2. In the *Davis* case cited by the majority in general support of their presumption of disclo-

sure and consent in the instant case, the Court of Military Appeals presumed disclosure where the defense counsel objected to the conflicting relationship on the record and in the presence of the accused. *United States v. Davis,* 20 M.J. 61, 65 (C.M.A.1985). These circumstances do not prevail in the instant case. Furthermore, the presumption in *Davis* did not extend to the accused's consent to the conflicting relationship, as presumed by the majority herein, but rather to his non-consent.