UNITED STATES

v.

**Airman First Class Vincent E. BORNER, FR 391–84–5824, United States Air Force**

**ACM S27215.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 July 1986.

Decided 17 Dec. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Henry J. Schweiter.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Joe R. Lamport and Lieutenant Colonel Robert E. Giovagnoni.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

PER CURIAM:

The appellant pleaded guilty to larceny, forgery, failure to go to his place of duty and dishonorable failure to pay a just debt. Appellate defense counsel urge that their client's guilty plea to dishonorably failing to pay a just debt is improvident. We agree.

During the *Care* inquiry the appellant related that he and Senior Airman Mattis became roommates in October 1985. It was understood that he could use Mattis' telephone but would be responsible for his own long distance charges. Initially, the appellant paid his share of the phone bill, but as of 1 December he owed Mattis approximately $700.00. The two of them discussed the situation in mid-December and the appellant indicated he would get an off-duty job to "straighten" things out— *this was satisfactory to Mattis.* However, the appellant married in late December and did not pay the money. Upon questioning by the trial judge, the appellant acknowledged that his nonpayment of the debt owed Mattis represented a "gross indifference" to his obligations and was a dishonorable failure to pay a debt.

▇▇▇▇ Before a military judge may accept a guilty plea as provident he must satisfy himself that the appellant not only believes himself guilty, but the facts revealed by the appellant himself must objectively support this conclusion. *United States v. Davenport,* 9 M.J. 364 (C.M.A. 1980); *United States v. Care,* 40 C.M.R. 247 (C.M.A. 1969). The mere failure to keep a promise to pay a debt is not itself dishonorable unless accompanied by "deceit, evasion, false promises, or other distinctly culpable circumstances indicating a deliberate nonpayment or grossly indifferent attitude toward one's just obligation." MCM, 1984, Part IV, Para. 71, pg. 118. Further, the discussion accompanying the Manual provision relating to this offense also states, "The offense is not committed if the *creditor* ... involved [is] satisfied with the conduct of the debtor with respect to payment." The exchange between the appellant and the trial judge reasonably implies that the debtor, Mattis, was not displeased with the appellant's delay in repaying. This being so, the trial judge should have made further inquiries. The plea to the Specification of Additional Charge II and Additional Charge II is set aside, and in the interest of judicial economy is dismissed. The remaining invited error is resolved adversely to the appellant.

We must, of course, reassess the sentence based on our action dismissing the Specification of Additional Charge II. Having reassessed the sentence, we are convinced the sentence is appropriate in relation to the affirmed findings of guilty and is no greater than that which would have been imposed if the prejudicial error had not been committed. *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986). For reasons stated, the findings of guilty, as modified, and the sentence are

AFFIRMED.