UNITED STATES, Appellee,

v.

Specialist Four Walter J. SEARCY, 254–27–4657, United States Army, Appellant.

ACMR 8600976.

U.S. Army Court of Military Review.

15 Sept. 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Kathleen A. Vanderboom, JAGC, Captain Kevin T. Lonergan, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Thomas E. Booth, JAGC, USAR, Captain Eva M. Novak, JAGC, Captain Joseph P. Falcone, JAGC (on brief).

Before COKER, CARMICHAEL and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

COKER, Senior Judge:

Appellant was tried by a military judge sitting as a special court-martial. He was convicted, contrary to his plea, of aggravated assault upon a noncommissioned officer (NCO) in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1982) [hereinafter UCMJ]. He was acquitted of two related charges, disrespect to the same NCO and a failure to go to his appointed place of duty. In an unrelated charge, appellant was convicted, in accordance with his plea, of larceny of a ring in violation of Article 121, UCMJ, 10 U.S.C. § 921. He was sentenced to a bad-conduct discharge, confinement for six months, forfeiture of $287.00 pay per month for six months, and reduction to Private E–1. The convening authority approved the sentence.

Before this Court appellant contends that his plea of guilty to the charge of larceny was improvident. We agree.

On 14 November 1985, appellant ordered a ring by mail, agreeing to make six payments, the first payment due on 15 November 1985, and subsequent payments due on 1 December, 1 January, 15 January, 1 February, and 15 February until the purchase price of $287.00 was paid. Appellant originally intended to pay for the ring but never made any of the scheduled payments. On 20 December 1985, appellant decided to keep the ring without paying for it because he did not possess sufficient funds to pay all of his financial obligations. Although appellant admitted that it was financially possible to pay for the ring, he "would have had to give up a couple of things" to do so.

The order form accepted from appellant does not provide that the seller retains either title or any equitable interest in the ring. All correspondence from the seller to appellant requested payment of the debt without mention of return of the ring. Under these circumstances, we are satisfied that there was no taking, obtaining or withholding within the meaning of Article 121.

As the Manual for Courts-Martial, United States, 1984, Part IV, para. 46c(1)(b), states:

"The taking, obtaining, or withholding must be of specific property. A debtor does not withhold specific property from the possession of a creditor by failing or refusing to pay a debt, for the relationship of debtor and creditor does not give the creditor a possessory right in any specific money or other property of the debtor."

*See also United States v. Mervine*, 23 M.J. 801, 805 n. 1 (N.M.C.M.R.1986). On acceptance of the sale, the seller retained no possessory interest in the ring and a "withholding" could not therefore occur regardless of the subsequent intent of appellant. There existed only a creditor/debtor relationship and appellant had no duty or obligation to account for or return the ring. His legal duty extended only to payment of the debt. It was established clearly in the providence inquiry and again during the course of the trial, that there was no fraud or false pretenses by appellant during the original sale.

As an adequate factual basis for a plea of guilty was not established, the finding must be set aside. *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969).

The findings of guilty of the Additional Charge and its Specification are set aside and in the interest of judicial economy, the Additional Charge and its Specification are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for six months, forfeiture of $287.00 pay per month for five months, and reduction to Private E-1.

Judge CARMICHAEL and Judge KENNETT concur.