**UNITED STATES**

v.

**Alasandro F. BIRDINE, Sonar Technician Second Class, U.S. Coast Guard.**

**CGCMS 23963.
Docket No. 948.**

U.S. Coast Guard Court of Military Review.

10 Sept. 1990.

Trial Counsel: LT Dennis A. Hoffman, USCGR.

Detailed Defense Counsel: LT K. Hamilton, JAGC, USNR.

Appellate Government Counsel: LCDR Michael J. Devine, USCG LT Michael A. Carney, USCG (On Brief and Argued).

Appellate Defense Counsel: LCDR James Collin, USCG (On Brief) LT G Arthur Robbins, USCG (Argued).

Before Panel Two, BAUM, GRACE and BASTEK, Appellate Military Judges.

BAUM, Chief Judge:

Appellant, in accordance with his pleas of guilty, was convicted by special court-martial, judge alone, of two specifications of unauthorized absence; two specifications of wrongfully using cocaine; one specification of wrongful appropriation of money of a value of about $1,400.00, the property of another Coast Guardsman; one specification of dishonorably failing to maintain sufficient funds to cover a check in the amount of $840.00 upon its presentment; and one specification of dishonorably failing to pay a debt in the sum of $8,058.44 for credit card charges incurred for a rental vehicle, in violation of Articles 86, 112a, 121 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 912a, 921, 934. The judge sentenced appellant to be discharged from the U.S. Coast Guard with a bad conduct discharge, to be confined for four months, and to be reduced to pay grade E–3. The Convening Authority, pursuant to a pretrial agreement, approved the sentence and suspended the confinement in excess of 90 days for a period of six months.

Before this Court, appellant has assigned as errors that his pleas to two of the offenses were improvident. He contends that his responses during the plea-providence inquiry do not support the findings of guilty of wrongful appropriation of $1,400.00, in violation of Article 121, and dishonorable failure to maintain sufficient funds in a checking account for a $840.00 check, in violation of Article 134, UCMJ. These assignments, having been briefed and orally argued, are ready for decision.

I

The facts developed during the providence inquiry with respect to the first assignment are that appellant, in the fall of 1986, transferred possession of an automobile to another Coast Guardsman with the understanding that the other party was to pay appellant $200.00 a month until August 1989, at which time appellant was to convey title. Appellant, in turn, was to continue making payments on the car to the Coast Guard Headquarters Federal Credit Union each month until the loan on the car was satisfied and title passed. The other party paid appellant the $200.00 per month, as agreed upon, through July 1989, but appellant stopped paying on the loan in 1989. Payments due for January 1989 through July 1989 were never transmitted to the credit union, resulting in a total of $1,400.00 received by appellant, from which no loan payments were made. The car, which had been sold to a third party, was ultimately repossessed because of appellant's failure to make those payments. During the providence inquiry, appellant acknowledged that he had appropriated that money to his own personal use and that it should have been applied on the car loan. He expressly agreed that the total amount misappropriated to his own use was $1,400.00. Record of Trial at 52, 53 and 54.

Before this Court, citing *U.S. v. Searcy*, 24 MJ 943 (ACMR 1987), *U.S. v. Borner*, 25 MJ 551 (AFCMR 1986) and *U.S. v. McCanless*, 29 MJ 985 (AFCMR 1990), appellant now contends that these facts will not support the offense of wrongful appropriation of the other Coast Guardsman's money because this was a mere creditor/debtor relationship, not the proper subject of larceny or wrongful appropriation. Furthermore, he asserts that any debt owed by appellant was to the credit union which took appropriate remedial action through the mechanism of repossession of the automobile. We disagree with his conclusion that these facts do not constitute the offense of wrongful appropriation.

In Part IV of the Manual for Courts–Martial, 1984, the various punitive articles of the Uniform Code of Military Justice are discussed. Paragraph 46 deals with larceny and wrongful appropriation. In subparagraph c, those offenses are explained and includes the following with respect to the necessary taking, obtaining or withholding

for larceny: "A 'withholding' ... may arise as a result of devoting property to a use not authorized by its owner. Generally, this is so whether the person withholding the property acquired it lawfully or unlawfully." Paragraph 46c(1)(b), Manual for Courts–Martial, Part IV, page 78.1 and 79. Reference is, thereupon, made to subparagraph 46 c(1)(f), which relates to intent, and includes the following: "The offense of larceny requires that the taking, obtaining, or withholding by the thief be accompanied by an intent permanently ... to appropriate the property to the thief's own use or the use of any person other than the owner.... Although a person gets property by a taking or obtaining which was not wrongful or which was without a concurrent intent to steal, a larceny is nevertheless committed if an intent to steal is formed after the taking or obtaining and the property is wrongfully withheld with that intent." Paragraph 46 c(1)(f), Manual for Courts–Martial, Part IV, Page 80.

▪ Appellant was convicted of wrongful appropriation rather than larceny, but the only difference between the two involves the requisite intent. Larceny necessitates an intent to permanently appropriate the property to the thief's own use; wrongful appropriation requires only an intent to temporarily divert the use. Appellant's answers at trial clearly establish that he received $1,400.00 from another Coast Guardsman with the obligation to make monthly car loan payments with that money. Instead, appellant, with intent to temporarily appropriate the money to his own use, spent those funds on his own needs, rather than applying them to the credit union loan, as required. We are convinced that appellant's answers establish the offense of wrongful appropriation. His pleas of guilty were provident and his assignment of error is, therefore, rejected.

## II

▪ In his second assignment, appellant submits that his answers to the judge at trial support neither the charged offense of making a check without sufficient funds, with intent to deceive, nor the lesser included offense of which he was found guilty, dishonorably failing to maintain sufficient funds to cover that check. The facts were that appellant, sometime between 29 May 1989 and 1 June 1989, wrote a check on an account at the Independence Savings Bank in the amount of $840.00 payable to the Coast Guard Headquarters Federal Credit Union. He postdated the check for 15 June 1989 and wrote on it "VOID UNTIL 15 JUN 89". Appellant, then, mailed the check to the credit union. At the same time, he told a credit union employee that he had postdated the check and that it should not be cashed until the 15th of June. Notwithstanding these instructions, the check was processed before 15 June and returned to the credit union for insufficient funds.

Appellant was on a direct deposit pay plan where his pay from the Coast Guard was deposited directly to his account at Independence Savings Bank. Under such a plan, he believed when he wrote the check that there would be sufficient funds in his account on 15 June to cover it, despite the fact that there were insufficient funds at the time of writing the check. These facts fail to support the intent-to-deceive element of the charged offense and properly accounted for the judge's rejection of appellant's plea of guilty to that offense.

▪ Appellant, thereafter, pled guilty to the lesser included offense of dishonorable failure to maintain sufficient funds for payment of the check in full upon presentment, which does not require a specific intent to deceive. Despite the elimination of this element, appellant contends the plea of guilty to this lesser offense also should have been rejected because he was never told the check would be presented again, once it was not honored.

On 6 June, appellant was informed by the credit union that the check had been returned for insufficient funds, but there is no indication that he was told it would be presented again on the 15th or later. For that reason, he argues that the facts do not support the offense. We disagree.

Accepting appellant's assertion that he was not told to expect subsequent processing of the check, his sworn answers to the

judge reveal that the check remained outstanding, since it was not returned to him. Moreover, commencing with the 15 June 1989 direct deposit of his paycheck, and each subsequent deposit, he withdrew the funds immediately, thereby, preventing that outstanding check from being honored. Furthermore, he withdrew these funds without ever calling the bank or the credit union for guidance or to inform them of his actions.

From these facts, the trial judge could justifiably characterize the accused's actions as a dishonorable failure to maintain funds. We, too, are satisfied with such a characterization. Accordingly, we are convinced that the judge's inquiry fully supports this lesser included offense. Appellant's plea of guilty is provident and his assigned error is rejected.

For the foregoing reasons, and after review of the record in accordance with our responsibilities under Article 66, UCMJ, 10 U.S.C. § 866, we have determined that the findings of guilty and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved and partially suspended below, are affirmed.

Judges GRACE and BASTEK concur.