UNITED STATES, Appellee,

v.

Specialist Latonya T. ALBRIGHT, United States Army, Appellant.

Army 20011113.

U.S. Army Court of Criminal Appeals.

6 March 2003.

For Appellant: Major Jeanette K. Stone, JA; Captain Linda A. Chapman, JA (on brief); Colonel Robert D. Teetsel, JA; Lieutenant Colonel E. Allen Chandler, Jr., JA; Major Jeanette K. Stone, JA; Captain Linda A. Chapman, JA (on specified issues).

For Appellee: Lieutenant Colonel Margaret B. Baines, JA; Lieutenant Colonel Lauren B. Leeker, JA; Lieutenant Colonel Margaret B. Baines, JA; Major Jennifer H. McGee, JA; Captain Matthew J. MacLean (on specified issues).

Before HARVEY, Senior Judge, BARTO, and SCHENCK, Appellate Military Judges.

## OPINION OF THE COURT

BARTO, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to her pleas, of larceny of public funds (three specifications), false swearing (two specifications), and making and uttering worthless checks by dishonorably failing to maintain funds in violation of Articles 121 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 921 and 934. The military judge sentenced appellant to a bad-conduct discharge, confinement for eight months, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority disapproved the total forfeitures but otherwise approved the sentence as adjudged. The convening authority waived the automatic forfeitures required by Article 58b, UCMJ, 10 U.S.C. § 858b, and directed that the monies be paid to appellant's family members.

This case is before the court for review under Article 66, UCMJ, 10 U.S.C. § 866.[1] We conclude that appellant's pleas of guilty to theft of public funds as alleged in Specifications 1 and 3 of Charge I are partially improvident. We will conform the findings to the facts adduced during the plea inquiry and reassess the sentence.

### Facts

Appellant was a supply specialist assigned to Fort Campbell, Kentucky. During a three-month period in 2001, appellant, without authority, purchased a number of goods and services using her government-issued International Merchant Purchase Authorization Card (IMPAC). A stipulation of fact admitted into evidence without objection at appellant's court-martial describes the goods and services in the following manner:

| Charge I<br>Specification # | Date of<br>Purchase | Items<br>Purchased | Price of Items<br>Purchased<br>with IMPAC |
| --- | --- | --- | --- |
| 1 | 3–15–01 | 2 pagers w/service plans | $ 306.20 |
| 1 | 3–20–01 | 1 pager & accessories | $ 233.96 |
| 1 | 3–21–01 | 2 pagers | $ 359.98 |
| 1 | 3–23–01 | cellular phone service | $ 20.60 |
| 2 | 4–13–01 | 1 laptop computer & equipment | $1,798.00 |
| 2 | 4–14–01 | personal computer upgrades | $ 109.00 |
| 2 | 4–14–01 | more personal computer upgrades | $ 145.00 |
| 2 | 4–19–01 | 1 Epson printer | $ 99.00 |
| 2 | 4–23–01 | cellular phone service | $ 947.86 |
| 3 | 4–26–01 | 2 pagers & batteries | $ 539.83 |
| 3 | 4–26–01 | 1 laptop computer | $1,199.99 |
| 3 | 4–27–01 | 1 laptop computer & accessories | $1,409.96 |
| 3 | 4–30–01 | 1 laptop computer | $ 895.50 |

1. We specified the following issues:

WHETHER THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S PLEAS OF GUILTY TO CHARGE I AND ITS SPECIFICATIONS IN THAT THE MILITARY JUDGE FAILED TO ELICIT FACTS NECESSARY TO ESTABLISH THEFT OF PUBLIC FUNDS.

WHETHER APPELLANT'S PLEAS OF GUILTY TO CHARGE I AND ITS SPECIFICATIONS WERE NEVERTHELESS PROVIDENT AS TO THEFT OF GOVERNMENT PROPERTY OTHER THAN PUBLIC FUNDS. *See United States v. Felty,* 12 M.J. 438, 441–42 (C.M.A.1982); *United States v. Simonds,* 20 M.J. 279 (C.M.A.1985).

| 3 | 4–30–01 | 1 laptop computer | $ 895.50 |
| 3 | 5–01–01 | cellular phone service | $ 20.00 |

As a result of these purchases, appellant was charged with, and pleaded guilty to, three specifications alleging theft of public funds in excess of $100. Each specification represented a single monthly billing period for the IMPAC.

While explaining these offenses, the military judge told appellant that pleading guilty meant she "took or obtained" public funds. The military judge explained the terms "took" and "obtain" by using the pattern instructions in the Military Judges' Benchbook. *See* Dep't of Army, Pam. 27–9, Legal Services: Military Judges' Benchbook, para. 3–46–1d (1 Apr. 2001). Appellant admitted that she wrongfully obtained the goods and services described in the stipulation of fact and that the items became government property upon her purchase. In response to a query from the military judge, appellant agreed that her actions obligated "the United States Government to make payment for those particular items." However, there is no evidence in the record that any public funds were ever disbursed as a result of appellant's actions, nor is there any evidence that appellant ever obtained possession of any public funds. The military judge nevertheless accepted appellant's pleas and entered findings of guilty to Charge I and its Specifications.

### Law

■ We review a military judge's acceptance of a guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (1996). We will not disturb a guilty plea unless the record of trial shows a substantial basis in law and fact for questioning the plea. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991). A providence inquiry into a guilty plea must establish that the accused believes and admits that she is guilty of the offense, and the factual circumstances admitted by the accused must objectively support the guilty plea. *United States v. Garcia*, 44 M.J. 496, 497–98 (1996) (citing *United States v. Higgins*, 40 M.J. 67, 68 (C.M.A.1994); *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980)); *see* UCMJ art. 45(a), 10 U.S.C. § 845(a).

■ To objectively support a guilty plea to larceny, an accused must admit to factual circumstances that constitute a wrongful taking, obtaining, or withholding of the property of another with the intent to steal. *See Manual for Courts–Martial, United States* (2000 ed.) [hereinafter *MCM*, 2000], Part IV, para. 46c(1)(a); UCMJ art. 121. Moreover, the object of the larceny must be a tangible item. *See United States v. Mervine*, 26 M.J. 482, 483 (C.M.A.1988); *cf. United States v. Sanchez*, 54 M.J. 874, 878 (Army Ct.Crim. App.2001) (holding that processing fee charged by banks in connection with ATM fraud not proper subject of larceny under Article 121). Our superior court has expressly held that "a debt or the amount thereof is not the proper subject of a larceny under Article 121." *Mervine*, 26 M.J. at 483–84. Similarly, theft of services does not violate Article 121, UCMJ. *Id.* at 485 (Everett, C.J., concurring); *MCM*, 2000, Part IV, para. 46c(1)(h)(iv); *see MCM*, 2000, Part IV, para. 78 (describing offense of obtaining services under false pretenses).

■ In sum, the ambit of Article 121 is limited to "money, personal property, or article[s] of value of any kind." UCMJ art. 121(a); *see United States v. Antonelli*, 35 M.J. 122, 126 (C.M.A.1992). "Public funds" are "[t]he revenue or money of a governmental body" or "securities of the national government or a state government." BLACK'S LAW DICTIONARY 682 (7th ed.1999). To the extent that such revenue, money, or securities are tangible "articles of value," the theft of "public funds" may constitute larceny. *See* UCMJ art. 121.

### Discussion

■ Our superior court has observed that "[f]alse pretenses used by A to induce B to transfer property to C, who is completely innocent, can probably fit within the literal language of Article 121." *United States v. Ragins*, 11 M.J. 42, 46 (C.M.A.1981). Applied to the facts of this case, appellant's pleas of guilty to theft of public funds may therefore be provident if the record established that appellant's false pretenses in the

use of the IMPAC caused the government to disburse public funds to the vendors of the property at issue. Given the absence of any evidence that public funds were actually disbursed because of appellant's actions, there is no factual basis for concluding that appellant wrongfully *obtained* public funds as alleged. *See id.; United States v. Christy,* 18 M.J. 688, 690 (N.M.C.M.R.1984) (finding larceny where personal purchase made with government credit card and government actually disbursed funds).

However, appellant's testimony during the plea inquiry clearly established that she is guilty of wrongfully *withholding* public funds. Appellant admitted that (1) she wrongfully obtained goods with a government IMPAC, (2) those goods became government property upon purchase, (3) she sold most of the goods, and (4) she then used the proceeds from their sale to pay personal bills. When appellant sold the goods, the proceeds were public funds held in trust for the government; when she used the funds for personal purposes, "there was a 'withholding' of money which belonged to the Government, this money being the amount of the proceeds from the ... sales. Thus, appellant is ultimately responsible for an embezzlement of these proceeds." *Ragins,* 11 M.J. at 47; *see Christy,* 18 M.J. at 690–91.

We may treat appellant's pleas as provident if her sworn testimony given during the plea inquiry "clearly establishes [her] guilt of a different but closely-related offense having the same maximum punishment." *United States v. Epps,* 25 M.J. 319, 323 (C.M.A. 1987).[2] The same clause of the same article of the UCMJ prohibits the wrongful *withholding* and wrongful *obtaining* of public funds, *see* UCMJ art. 121(a), and both offenses have the same maximum punishment. *MCM,* 2000, Part IV, para. 46e(1). Moreover, the gravamen of the offenses is the same—both are predicated upon the misappropriation of the property of another with the intent to steal that property. *See Antonelli,* 35 M.J. at 127 (observing that Article 121, UCMJ, does not maintain "fine lines" between the offenses of wrongful taking, obtaining, and withholding); *MCM,* 2000, Part IV, para. 46c(1)(f)(i) (discussing required intent for larceny offense). Under the circumstances of this case, it is difficult to see how the variance between these two forms of larceny—obtaining and withholding—would have impaired appellant's ability to prepare for trial. We are also confident that the record of trial in this matter protects appellant from a subsequent prosecution for larceny arising out of the same course of conduct. As such, we may treat appellant's pleas of guilty to the theft of public funds as provident.[3] *See Epps,* 25 M.J. at 323.

However, the question remains as to whether appellant is fully provident to the

**2.** The government proposes that we affirm the findings and sentence in this matter because appellant's responses during the plea inquiry establish her guilt to larceny by false pretenses of the computers, pagers, and accessories, as well as to theft of services, in violation of Articles 121 and 134, UCMJ, respectively, citing *United States v. Franchino,* 48 M.J. 875 (C.G.Ct.Crim.App. 1998), and *United States v. Caver,* 41 M.J. 556, 565 (N.M.Ct.Crim.App.1994). If the providence inquiry clearly admits guilt to a different but "closely-related offense" with the same or a lesser maximum punishment as that of the charged offense, we may affirm the findings without modification. *See Epps,* 25 M.J. at 322–23 (affirming guilty plea to larceny because the providence inquiry established guilt of the closely-related offense of receiving stolen property); *Caver,* 41 M.J. at 564–65 (affirming guilty plea to wrongful appropriation because the providence inquiry established guilt of the closely-related offense of theft of services). We decline to adopt the government's proposal in light of the particular circumstances of this case.

**3.** Neither the military judge nor counsel recognized appellant's conduct as a wrongful withholding of public funds. Trial counsel should be clear as to the theory of criminal liability upon which they will rely to establish the guilt of an accused soldier. Likewise, military judges should be equally clear on the theory of criminal liability *before* they begin a plea inquiry with an accused or *before* their instructions to a panel. This is particularly important when dealing with offenses such as larceny or murder in which the form specification may not precisely state the theory of liability upon which the government is relying, or in other circumstances in which the accused is charged as an aider or abettor. Such clarity will allow the military judge to adequately tailor the explanation of the elements to the facts and evidence of the case, avoid confusion on the part of the accused or the members, and streamline the trial process.

theft of public funds valued in excess of $100. The answer is clear as to Specification 2 of Charge I, which alleges theft of public funds between on or about 24 March 2001 and on or about 23 April 2001. Appellant admitted that she sold for $150 a laptop computer that she had wrongfully purchased during this period using the IMPAC. We are therefore satisfied that appellant's plea of guilty to theft of public funds as alleged in Specification 2 is fully provident.

 The answer is less clear concerning appellant's pleas of guilty to Specifications 1 and 3 of Charge I. Appellant admitted during the plea inquiry to selling all but two of the pagers related to Specification 1 and all the computers related to Specification 3, as identified in the stipulation of fact and previously listed above. The military judge did not adduce, however, the value of the proceeds from any of these sales or link the sales in any way to the theft of public funds alleged in Specifications 1 and 3. The stipulation of fact is also silent as to the value of the public funds appellant withheld during the periods alleged in these two specifications. As such, we are unable to treat appellant's pleas of guilty to the theft of public funds as alleged in Specifications 1 and 3 as fully provident. We can nevertheless treat appellant's guilty pleas to these two specifications as provident to the theft of public funds *of some value.*

### Decision

We have reviewed the matters personally raised by appellant under *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The court affirms only so much of the finding of guilty of Specification 1 of Charge I as finds that appellant did, at or near Fort Campbell, Kentucky, between on or about 23 February 2001 and on or about 23 March 2001, steal public funds, of some value, the property of the United States Government, in violation of Article 121, UCMJ. The court affirms only so much of the finding of guilty of Specification 3 of Charge I as finds that appellant did, at or near Fort Campbell, Kentucky, between on or about 24 April 2001 and on or about 23 May 2001, steal public funds, of some value, the property of the United

States Government, in violation of Article 121, UCMJ. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted, the entire record, and the principles of *United States v. Sales,* 22 M.J. 305 (C.M.A.1986), the court affirms the sentence.

Senior Judge HARVEY and Judge SCHENCK concur.